Requestor: Edwin J. Carpenter, Jr., Esq., City Attorney City of Corning 143 Pine Street Corning, N.Y.
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a city bingo inspector and also as a member of the police commission of the city.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the police department of the city is under the general control and management of the board of police commissioners. It is the duty of the commissioners to ensure that the police department preserves peace and order, enforces the ordinances, rules and regulations of the city and performs other duties as the board prescribes.
The governing body of a municipality issuing a license for the conduct of games of bingo must exercise rigid control and supervision over these games to ensure that they are conducted in accordance with the provisions of the license and State rules and regulations. General Municipal Law § 484. The bingo inspector performs this responsibility for the city. Violations of license provisions or State rules and regulations constitute a misdemeanor and result in forfeiture of the license. Id.,
§ 495.
We see no incompatibility between the two positions. During the course of his duties, the bingo inspector may have occasion to refer matters to law enforcement officials. We do not view this as creating any conflict.
We conclude that a person may serve simultaneously as a city bingo inspector and as a member of a city police commission.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.